UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME GARZA | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| EARTHSTONE ENERGY, INC., | § | |
| CAPITAL PETROLUEM CONSULTANTS, | § | |
| INC., OCTANE ENERGY CONSULTING, | § | |
| LLC, AND UNIT DRILLING COMPANY | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant, Unit Drilling Company ("Unit Drilling"), pursuant to 28 U.S.C. §§ 1334 and 1452, files this Notice of Removal and removes this action from the 270th Judicial District Court of Harris County, Texas, where it is currently pending, to the United States District Court for the Southern District of Texas, Houston Division.

### Introduction

1. On October 25, 2021, Plaintiff, Jamie Garza ("Mr. Garza"), initiated this action against several defendants, including Unit Drilling, in the 270th Judicial District Court for Harris County, Texas. The state court action is Cause No. 2021-70018. A copy of Mr. Garza's state court petition is attached hereto as Exhibit A. Mr. Garza seeks money damages stemming from an alleged personal injury. *See* Exhibit A, Plaintiff's Pet. at ¶ 6.1.

### The Notice of Removal is Timely

2. Unit Drilling was served with Mr. Garza's state court petition on November 1, 2021. *See* Exhibit B. Thus, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); Fed. Bankr. R. 9027(a)(2).

### Basis of Removal

3. Removal in this action is proper under 28 U.S.C. § 1452(a), which provides that "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

4. In turn, 28 USC § 1334 vests a district court with jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." This case is "related to" a case under Title 11. *See e.g.*, *Schmidt v. Nordlicht*, No. H-16-3614, 2017 WL 526017, at *2 (S.D. Tex. Feb. 9, 2017) (citing *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999)). "A matter is 'related to' the bankruptcy if 'the anticipated outcome of the action' could conceivably '(1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate.'" *Id.* (quoting *In re Bass*, 171 F.3d at 1022).

5. Courts have noted that "related-to" jurisdiction is expansive but not limitless, especially in the post-confirmation context. *See e.g.*, *Schmidt v. Nordlicht*, No. H-16-3614, 2017 WL 526017, at *2 (S.D. Tex. Feb. 9, 2017) (citing *In re Morrison*, 555 F.3d 473, 476 (5th Cir. 2009)). To determine whether jurisdiction exists, courts examine whether "(1) the claims arise from pre- or post-confirmation relations; (2) there was antagonism

or a claim pending between the parties as of the date of the bankruptcy; and (3) any facts or law deriving from the bankruptcy are necessary to the claim." *Id.* (noting that these factors were not set out as a test by the Fifth Circuit but, rather, were merely "distinguishing factors" to consider).

6. The first factor is readily satisfied. *See Schmidt*, 2017 WL 526017 at *3. Unit Drilling Company filed for voluntary Chapter 11 bankruptcy on May 22, 2020. *See* ECF No. 1, *In re Unit Drilling Company*, No. 20-32743 (S.D. Tex. Bankr. May 22, 2020). A final reorganization plan was confirmed on August 6, 2020, with an effective date of September 3, 2020. *See* ECF No. 340, *In Re Unit Corporation, et al.*, No. 20-32740 (S.D. Tex. 8/6/20).[1] Mr. Garza's injuries relate to an injury that allegedly occurred on November 18, 2019, which was before the bankruptcy and confirmation of the plan. *See Schmidt*, 2017 WL 526017 at *3. The court in *Schmidt* remarked that the fact that "the challenged conduct predated the confirmation" plan "unambiguously weighs in favor of federal jurisdiction." *Id.*

7. As to the second factor, because the alleged harm occurred before bankruptcy, "antagonism existed in the relevant sense." *Id.*

8. The third factor does not "weigh meaningfully in either direction" as it relates to jurisdiction. *Id.* (finding jurisdiction existed even though the third factor was neutral).

---

[1] Unit Drilling Company's case was jointly administered with other related bankruptcies and the final plan as to Unit Drilling Company was entered in Cause No. 20-32740 as indicated above.

9. Accordingly, under applicable circuit precedent, this Court has jurisdiction under 28 USC § 1334 because this action is "related to" Unit Drilling's bankruptcy.

**Compliance with 28 U.S.C. § 1446(a), § 1446(d),
Federal Bankruptcy Rules, and Local Rule 81**

10. In accordance with 28 U.S.C. § 1446(a), Federal Bankruptcy Rules, and Southern District of Texas Local Rule 81, Unit Drilling has included herewith:

- All executed process in the case;

- Pleadings asserting causes of action and all answers;

- All orders signed by the state judge (NONE);

- The docket sheet;

- An index of matters being filed; and

- A list of all counsel of record, including addresses, telephone numbers, and parties represented.

11. Unit Drilling will promptly notify the clerk of the 270th Judicial District Court, Harris County, Texas, where the action has been pending, and all adverse parties of this Notice of Removal in writing. *See* 28 U.S.C. § 1446(d); Fed. Bankr. R. 9027.

**Conclusion**

Unit Drilling Company respectfully requests that the above-referenced action, now pending in the 270th Judicial District Court of Harris, County, Texas, be removed to this Court.

        Respectfully submitted,

        */s/ Jeffrey S. Davis*
        Jeffrey S. Davis
        *Attorney-in-charge*
        Texas State Bar No.: 00783936
        S.D. Tex. Bar. No: 19116
        600 Travis Street, Suite 4800
        Houston, TX 77002
        Telephone: 713.576.0300
        Facsimile: 713.576.0301
        jsdavis@bradley.com

Of counsel:

Bradley Arant Boult Cummings LLP
Mary Elizondo Frazier
Texas State Bar: 24054592
S.D. Tex. Bar. No.: 88474
Philip J. Morgan
Texas State Bar: 24069008
S.D. Tex. Bar No.: 1708541
600 Travis Street, Suite 4800
Houston, TX 77002
Telephone: 713.576.0300
Facsimile: 713.576.0301
mfrazier@bradley.com
pmorgan@bradley.com

**ATTORNEYS FOR UNIT DRILLING COMPANY**

## CERTIFICATE OF SERVICE

 I certify that on November 19, 2021, a copy of this document was filed through the Court's ECF system and was served upon all parties by electronic means through transmission facilities from the Court and was also served via email.

           */s/ Jeffrey Davis*
           Jeffrey Davis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME GARZA | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| EARTHSTONE ENERGY, INC., | § | |
| CAPITAL PETROLUEM CONSULTANTS, | § | |
| INC., OCTANE ENERGY CONSULTING, | § | |
| LLC, AND UNIT DRILLING COMPANY | § | |
| | § | |
| Defendants. | § | |

## **INDEX OF MATTERS BEING FILED**

Exhibit A:   Pleadings asserting causes of action and all answers to such pleadings

Exhibit B:   Executed Services of Process

Exhibit C:   List of counsel

Exhibit D:   State court docket sheet