# EXHIBIT A

10/25/2021 11:22 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58491841
By: Brianna Janel Denmon
Filed: 10/25/2021 11:22 AM

CAUSE NO. _____

| | | |
|---|---|---|
| JAIME GARZA | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| vs. | § § | \_\_\_\_\_ JUDICIAL DISTRICT |
| EARTHSTONE ENERGY, INC., CAPITAL PETROLEUM CONSULTANTS INC., OCTANE ENERGY CONSULTING LLC., AND UNIT DRILLING COMPANY | § § § § § § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Jaime Garza, files his Original Petition against Defendants Earthstone Energy, Inc., Capital Petroleum Consultants, Inc., Octane Energy Consulting, LLC, and Unit Drilling Company. In support thereof, Plaintiff would respectfully show this Honorable Court as follows:

## I.
## DISCOVERY TRACK

1.1   Plaintiff pleads that this case should be assigned to Discovery Track Level Three pursuant to Rule 190.4 of the Texas Rules of Civil Procedure and will seek an agreed Order or other Court Order to this effect.

## II.
## PARTIES

2.1   Plaintiff, Jaime Garza, is a resident of Rio Grande City, Starr County, Texas.

2.2   Upon information and belief, Defendant Capital Petroleum Consultants, Inc. ("Capital"), is a Texas for-profit corporation with its principal place of business in Houston, Texas. Capital may be served for process by serving its registered agent,

Gordon & Rees Scully Mansukhani at 1900 West Loop South, Ste. 1000, Houston, Texas 77027.

2.3     Defendant, Octane Energy Consulting, LLC. ("Octane"), is a Texas for-profit corporation with its principal place of business in Midland, Texas. Octane may be served for process by serving its registered agent, Jared N. Blong, at 310 W. Wall Street, Ste. 810, Midland, Texas 79701.

2.4     Defendant, Unit Drilling Company ("Unit"), is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma 74170. Unit conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas such that it is "at home" in Texas. Unit can be served at its registered agent, the Prentice Hall Corporation System, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.5     Defendant, Earthstone Energy, Inc. (hereinafter "Earthstone"), is a for-profit corporation organized under the laws of the State of Texas and with its principal place of business in the Woodlands, Texas. Earthstone can be served at its registered agent, Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701.

### III.
### VENUE AND JURISDICTION

3.1     Venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(3) because Harris County is the county in which Defendant Capital Petroleum Consultants has its principal office in this state. Because venue is proper in Harris County as to at least one Defendant and because all claims in this cause arise out of the same transaction or occurrence or the same series of transactions or occurrences,

venue is proper in Harris County, Texas as to all Defendants pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code.

3.2     This Court has subject matter jurisdiction over this cause because the amount in controversy exceeds the minimum jurisdictional limits of the Court. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff states that he seeks monetary relief over $1,000,000.

3.3     The Court has specific and general personal jurisdiction over the Defendants because they purposefully availed themselves to the privilege of conducting activities within Texas; have substantial and continuous contacts with the State of Texas generally and with respect to this action, to satisfy both general and specific minimum contacts; and exercising jurisdiction over them does not offend the traditional notions of fair play and substantial justice.  Moreover, one or more of the Defendants are a citizen of Texas and are domiciled in Midland, Harris and Montgomery Counties.

a.     The Court has general personal jurisdiction over Defendants Earthstone, Capital and Octane who are Texas corporations making them all "at home" in Texas.

b.     Alternatively, the Court has specific personal jurisdiction over all Defendants, including Defendant Unit, because they all purposefully directed their activities to Texas, have purposefully availed themselves of the benefits and privileges of conducting business in Texas, and the claims made in this lawsuit arise foreseeably from the direction of those activities to Texas by the Defendants. It was foreseeable to each Defendant that the purposeful direction of their activities to the State of Texas would result in a lawsuit in Texas. In fact, a contract between Unit and Earthstone sets forth a venue clause in Harris County, Texas.

3.4 Although Plaintiff seeks damages in an amount exceeding $75,000, federal courts lack jurisdiction over this suit. Plaintiff's claims raise no federal question. Plaintiff seeks no relief under a federal law, statute, regulation, treaty, or constitution, nor does Plaintiff's right to relief necessarily depend on the resolution of a substantial question of federal law. Further, there is not complete diversity among the parties to this action. This action is not removable pursuant to 28 U.S.C. § 1441(b)(2) both because there is no basis for the exercise of subject matter jurisdiction by a federal court over this action and because the Defendant is a citizen of the State of Texas, which is the state in which this action has been brought. Thus, removal of this action from state court to federal court would be improper.

## IV.
## BACKGROUND FACTS

4.1 On November 15, 2019, Plaintiff was working on a jobsite in Rankin, Upton County, Texas, and was engaged in the process of assembling an oil rig to prepare it for drilling.

4.2 Plaintiff was not an employee of Defendants. Plaintiff was employed by another entity that, at times, would supply day laborers on an as-needed basis according to Defendants' needs.

4.3 The jobsite where the assembly occurred was operated, managed, and controlled by Defendants. Employees of Defendants controlled the manner and method of Plaintiff's work, as well as all other facets of the jobsite. Acting under the direction and supervision of employees, agents, and/or contractors of Defendants, Plaintiff was instructed to stretch a large and heavy electrical hose to pull it towards the center of the rig's base in order to power up the oil rig. Upon information and belief, an employee of

Defendant Unit directed Plaintiff to begin pulling the hose, and then instructed Plaintiff to continue pulling. As the Plaintiff was stretching the hose, he was walking backwards pursuant to the Unit employee's instructions until he fell into one of three 10'x10'x10' "cellars" on the rig.[1] Plaintiff was found unconscious at the bottom of the cellar and was pulled out by other workers and taken to the hospital.

4.4 Under the negligent guidance of Defendants' employees, agents, and/or contractors, who controlled the manner of the work being done in the effort to power up the rig, Plaintiff suffered serious injuries.

4.5 The Defendants' employees who directed Plaintiff's work were negligent, and that negligence caused Plaintiff's injuries. As Defendants continued to direct Plaintiff's pulling of the hose while walking backwards, Defendants' employee(s) failed to observe the condition of the worksite where Plaintiff was directed to walk toward. The Defendants' employee(s) failed to ensure that it was safe for Plaintiff to walk backward in the direction mandated by Defendants' employee(s). Defendants' employee(s) directed Plaintiff's direction and distance of travel until he walked backward into the cellar.

4.6 Defendants failed to keep the jobsite free of fall hazards to which workers including Plaintiff were exposed. Defendants were aware of and recognized the open cellar that presented the hazard. The hazard created by the open cellar was likely to cause serious physical harm to Plaintiff or others that fell into the cellar. There was a feasible and useful method to remove the hazard from the jobsite through the placement of covers

---

[1] An oil well "cellar" is a deep dug-out hole or pit, often lined with wood, cement or pipe, located below the rig. *See*, https://www.glossary.oilfield.slb.com/en/Terms/c/cellar.aspx .

*Plaintiff's Original Petition* Page 5 of 9

and/or barriers like Defendants did for the other two (2) cellars. Defendants failed to take adequate safety measures to prevent Plaintiff from falling into the cellar as he performed the work Defendants had directed him to perform. It is customary industry practice to place covers over the top of open cellars to prevent injuries such as Plaintiff's or, at a minimum, place barriers, rope, or tape around the open cellar to prevent individuals from falling into the cellars. Defendants failed to install a cover and/or barrier over this open cellar, although Defendants knew to, and did, place covers over the other two (2) cellars on this same jobsite. Had Defendants followed this practice and covered the third cellar, Plaintiff's injuries would have been prevented.

     4.7    At all relevant times, the employees, agents, and/or contractors of Defendants were in the course and scope of their respective employment. Further, because Defendants retained or exercised control over the manner in which the oil rig was to be assembled and the details, manner, and method of Plaintiff's work, Defendants are liable for Plaintiff's injuries.

**CAUSES OF ACTION AGAINST ALL DEFENDANTS**

**V.**
**NEGLIGENCE AND RESPONDEAT SUPERIOR**

     5.1    Defendants committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the incident in question and Plaintiff's damages.

     5.2    Defendants owed Plaintiff a duty to exercise ordinary care. Defendants' acts or omissions, which constitute negligence include, without limitation, one or more of the following:

(a) Failing to use ordinary care in properly training and monitoring its employees, agents, and/or contractors with respect to safe rig assembly;

(b) Failing to use ordinary care in supervising its employees and/or agents' activities;

(c) Failing to use ordinary care to prevent its employees and/or agents from causing an unreasonable risk of harm to others;

(d) Failing to use ordinary care in taking precautions to protect the safety of others when its employees and/or agents perform or control work that is inherently dangerous;

(e) Failing to use ordinary care in protecting others from peril when the peril is under their control;

(f) Failing to use ordinary care in taking affirmative action to control or avoid increasing the danger from a condition that has been created by their conduct;

(g) Failing to exercise reasonable care to avoid a foreseeable risk of injury to others;

(h) Failing to exercise reasonable care in performing services for another;

(i) Negligently exercising control over its employees, agents, and/or contractors;

(j) Failing to use reasonable care under the circumstances; and

(k) Failing to direct the work at issue in a safe manner.

5.3   Defendants are liable for the conduct of its agents, servants, contractors, subcontractors, and/or employees under the doctrine of *respondeat superior*. The actions, omissions, and commissions of Defendants by way of the actions of their agents, servants, contractors, subcontractors, and/or their employees proximately caused the occurrence in question and the severe injuries suffered by Plaintiff.

## DAMAGES

### VI.
### ACTUAL DAMAGES

6.1     At the time of the incident in question, which forms the basis of this suit, Plaintiff was a healthy adult. As a result of the incident, Plaintiff suffered in the past and will likely suffer in the future, damages including physical pain, mental anguish, physical impairment, disfigurement, lost earnings, lost earning capacity, and reasonable and necessary medical expenses, for which the Plaintiff seeks recovery herein.

### VII.
### PREJUDGEMENT AND POST-JUDGMENT INTEREST

7.1     Plaintiff seeks prejudgment and post-judgment interest at the maximum legal rate.

### VIII.
### CONDITIONS PRECEDENT

8.1     All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

### IX.
### JURY DEMAND

9.1     Plaintiff requests a trial by jury and has tendered the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendants for his actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with prejudgment interest and post-judgment interest, cost of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

        Respectfully submitted,

        WATTS GUERRA LLP
        4 Dominion Dr.
        Bldg. 3, Ste. 100
        San Antonio, Texas 78257
        Telephone:   (210) 447.0500
        Facsimile:    (210) 447.0501

By:   /s/ *Edward W. Allred*
       FRANCISCO GUERRA, IV
       State Bar No. 00796684
       fguerra@wattsguerra.com
       EDWARD W. ALLRED
       State Bar No. 50511764
       eallred@wattsguerra.com
       REBECCA C. PAGE
       State Bar No. 24101234
       rpage@wattsguerra.com

       **ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kandice Melendez on behalf of Edward Allred
Bar No. 50511764
kmelendez@wattsguerra.com
Envelope ID: 58491841
Status as of 10/25/2021 11:54 AM CST

Associated Case Party: Jaime Garza

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Edward W.Allred | | eallred@wattsguerra.com | 10/25/2021 11:22:31 AM | SENT |
| Rebecca C.Page | | rpage@wattsguerra.com | 10/25/2021 11:22:31 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Watts Guerra LLP | | service-sa@wattsguerra.com | 10/25/2021 11:22:31 AM | SENT |
| Amanda Osborne | | aosborne@wattsguerra.com | 10/25/2021 11:22:31 AM | SENT |
| Kandice Melendez | | kmelendez@wattsguerra.com | 10/25/2021 11:22:31 AM | SENT |

NO. 2021-70018

| | | |
|---|---|---|
| JAIME GARZA | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| EARTHSTONE ENERGY, INC., | § | HARRIS COUNTY, T E X A S |
| CAPITAL PETROLEUM | § | |
| CONSULTANTS INC., OCTANE | § | |
| ENERGY CONSULTING LLC, AND | § | |
| UNIT DRILLING COMPANY | § | |
| | § | |
| *Defendants.* | § | 270TH JUDICIAL DISTRICT |

## UNIT DRILLING'S MOTION TO TRANSFER VENUE, AND, SUBJECT THERETO, ORIGINAL ANSWER

COMES NOW, Defendant Unit Drilling Company ("Defendant" or "Unit Drilling"), and files this Motion to Transfer Venue, and, Subject Thereto, Original Answer to Jaime Garza's claim against it.

### I.
### MOTION TO TRANSFER VENUE

1. Per Plaintiff's petition, Unit Drilling's principal place of business is in Oklahoma. Further, Unit Drilling does not have an office in the State of Texas. Therefore, in the event that other defendants are dismissed from this action, venue is only proper against Unit Drilling "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred." *See* Tex. Civ. Prac. & Rem. Code § 15.002; *see also e.g., See ACF Indus., Inc. v. Carter*, 903 S.W.2d 423 (Tex. App.—Texarkana 1995, writ dism'd); *Pines of Westbury, Ltd. v. Paul Michael Const., Inc.*, 993 S.W.2d 291 (Tex. App.—Eastland 1999, pet. denied); *United Parcel Serv., Inc. v. Norris*, No. 09-19-00304-cv, 2021 WL

4894-3807-4370.1

4465998 (Tex. App.—Beaumont Sept. 30, 2021, no pet. h.). Plaintiff admits that the accident that is the subject of this lawsuit occurred in Upton County, Texas. Therefore, Upton County, Texas is the only proper venue in the event that the other parties are dismissed.

2. Alternatively, the only defendant with a principal office in Harris County, Texas is Defendant Capital Petroleum Consultants. In the event that this defendant is dismissed, venue would no longer be proper in Harris County and would be proper in the county where some other defendant has a principal office or, as discussed above, Upton County, Texas.

## II.
### GENERAL DENIAL

3. Unit Drilling asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully requests that Plaintiff be required to prove its charges and allegations against Unit Drilling by a preponderance of the evidence and/or as is required by the Constitution and laws of the State of Texas.

## II.
### REQUEST FOR DISCLOSURE

4. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Unit Drilling hereby requests that Plaintiff disclose and produce the information or material described in Rule 194.

## III.
### NOTICE OF INTENT TO USE DISCOVERY MATERIALS AT TRIAL

5. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Unit hereby gives notice that it intends to use all discovery instruments produced in this case, by any party, at any trial or pre-trial proceeding.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Unit Drilling Company, prays that it be released, discharged, and acquitted of the charges and allegations filed against it by Plaintiff, that Plaintiff take nothing by reason of its lawsuit, that Unit recovers its costs, and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS, LLP

By: /s/ Jeffrey S. Davis
Jeffrey S. Davis
Texas Bar No. 00783936
jsdavis@bradley.com
Mary Elizondo Frazier
Texas Bar No. 24054592
mfrazier@bradley.com
Philip J. Morgan
Texas Bar No. 24069008
pmorga@bradley.com
600 Travis, Suite 4800
Houston, Texas 77002
Telephone: (713) 576-0300
Facsimile: (713) 576-0301

**ATTORNEYS FOR DEFENDANT, UNIT DRILLING COMPANY**

3

4894-3807-4370.1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been forwarded to all known parties and/or counsel of record in accordance with the Texas Rules of Civil Procedure on November 19, 2021, including the following:

Francisco Guerra, IV
*fguerra@wattsguerra.com*
Edward W. Allred
*eallred@wattsguerra.com*
Rebecca C. Page
*rpage@wattsguerra.com*
WATTS GUERRA LLP
4 Dominion Dr.
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone:   (210) 447.0500
Facsimile:   (210) 447.0501

*Attorneys for Plaintiff, Jaime Garza*

                                                     */s/ Jeffrey S. Davis*
                                                     Jeffrey S. Davis

4894-3807-4370.1