United States District Court
Southern District of Texas

**ENTERED**

January 27, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAIME GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-3806 |
| | § | |
| EARTHSTONE ENERGY, INC., | § | |
| CAPITAL PETROLEUM CONSULTANTS, | § | |
| INC., OCTANE ENERGY | § | |
| CONSULTING, LLC, and | § | |
| UNIT DRILLING COMPANY, | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER OF REMAND**</u>
<u>**FOR LACK OF SUBJECT MATTER JURISDICTION**</u>

Plaintiff, Jaime Garza, initiated this action on October 25, 2021, by filing Plaintiff's Original Petition ("Plaintiff's Original Petition") in the 270th Judicial District Court of Harris County, Texas, Cause No. 2021-70018, against defendants, Earthstone Energy, Inc. ("Earthstone"), Capital Petroleum Consultants, Inc. ("Capital Petroleum"), Octane Energy Consulting, LLC ("Octane Energy"), and Unit Drilling Company ("Unit Drilling"), asserting claims for negligence stemming from personal injuries incurred on November 15, 2019.[1]  On November 19, 2021, Defendant Unit Drilling filed a Notice of Removal ("Notice of Removal") (Docket Entry No. 1).  Pending before the court is Plaintiff's Motion to Remand (Docket Entry No. 8).  For the reasons explained below, Plaintiff's Motion to Remand will be granted.

---

[1]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-2, pp. 2-10.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

## I. **Background**

Plaintiff alleges that he is an individual residing in Rio Grande City, Starr County, Texas, and that defendant Capital Petroleum is a Texas for-profit corporation with its principal place of business in Houston, Texas, that defendant Octane Energy is a Texas for-profit corporation with its principal place of business in Midland, Texas, that defendant Earthstone is a Texas for-profit corporation with its principal place of business in The Woodlands, Texas, and that defendant Unit Drilling is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma, doing business in the State of Texas.[2]  Plaintiff's Original Petition asserts that venue and jurisdiction are proper in Harris County, Texas,[3] and that although he seeks damages in an amount exceeding $75,000.00, federal courts lack jurisdiction over this suit because his claims raise no federal question, and the parties are not completely diverse.[4]

Plaintiff's Original Petition alleges that on November 15, 2019, he suffered personal injuries while working on a jobsite in Rankin, Upton County, Texas, and was engaged in the process of assembling an oil rig in preparation for drilling.[5]  Plaintiff alleges that while

---

[2]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-2, pp. 2-3 ¶¶ 2.1-2.5.

[3]Id. at 3-4 ¶¶ 3.1-3.3.

[4]Id. at 5 ¶ 3.4.

[5]Id. ¶ 4.1.

[a]cting under the direction and supervision of
employees, agents, and/or contractors of Defendants, [he]
was instructed to stretch a large and heavy electrical
hose to pull it towards the center of the rig's base in
order to power up the oil rig.   Upon information and
belief, an employee of Defendant Unit [Drilling] directed
[him] to begin pulling the hose, and then instructed
[him] to continue pulling.   As the Plaintiff was
stretching the hose, he was walking backwards pursuant to
the Unit [Drilling] employee's instructions until he fell
into one of three 10'x10'x10' "cellars" on the rig.
Plaintiff was found unconscious at the bottom of the
cellar and was pulled out by other workers and taken to
the hospital.[6]

Defendant Unit Drilling removed Plaintiff's state court action

to this court on November 19, 2021, stating that

3.   Removal in this action is proper under 28 U.S.C.
§ 1452(a), which provides that "a party may remove any
claim or cause of action in a civil action . . . to the
district court for the district where such civil action
is pending, if such district court has jurisdiction of
such claim or cause of action under section 1334 of this
title."

4.   In turn, 28 U.S.C. § 1334 vests a district court
with jurisdiction over "all civil proceedings arising
under title 11, or arising in or related to cases under
title 11."   This case is "related to" a case under Title
11.   See e.g., Schmidt v. Nordlicht, No. H-16-3614, 2017
WL 526017, at *2 (S.D. Tex. Feb. 9, 2017) (citing In re
Bass, 171 F.3d 1016, 1022 (5th Cir. 1999)).   "A matter is
'related to' the bankruptcy if 'the anticipated outcome
of the action' could conceivably '(1) alter the rights,
obligations, and choices of action of the debtor, and
(2) have an effect on the administration of the estate.'"
Id. (quoting In re Bass, 171 F.3d at 1022).
5.   Courts have noted that "related-to" jurisdiction is
expansive but not limitless, especially in the post-
confirmation context.   See e.g., Schmidt v. Nordlicht,
No. H-16-3614, 2017 WL 526017, at *2 (S.D. Tex. Feb. 9,
2017) (citing In re Morrison, 555 F.3d 473, 476 (5th Cir.
2009)).   To determine whether jurisdiction exists, courts

---

[6]Id. at 5-6 ¶ 4.3.

examine whether "(1) the claims arise from pre- or post-confirmation relations; (2) there was antagonism or a claim pending between the parties as of the date of the bankruptcy; and (3) any facts or law deriving from the bankruptcy are necessary to the claim." Id. (noting that these factors were not set out as a test by the Fifth Circuit but, rather, were merely "distinguishing factors" to consider.).

6.     The first factor is readily satisfied. See Schmidt, 2017 WL 526017 at *3.  Unit Drilling Company filed for voluntary Chapter 11 bankruptcy on May 22, 2020.  See ECF No. 1, In re Unit Drilling Company, No. 20-32743 (S.D. Tex. Bankr. May 22, 2020).  A final reorganization plan was confirmed on August 6, 2020, with an effective date of September 3, 2020.  See ECF No. 340, In re Unit Corporation, et al., No. 20-32740 (S.D. Tex. 8/6/20).[7] Mr. Garza's injuries relate to an injury that allegedly occurred on November 18, 2019, which was before the bankruptcy and confirmation of the plan.  See Schmidt, 2017 WL 526017 at *3.  The court in Schmidt remarked that the fact that "the challenged conduct predated the confirmation" plan "unambiguously weighs in favor of federal jurisdiction." Id.

7.     As to the second factor, because the alleged harm occurred before bankruptcy, "antagonism existed in the relevant sense." Id.

8.     The third factor does not "weigh meaningfully in either direction" as it relates to jurisdiction. Id. (finding jurisdiction existed even though the third factor was neutral).

9.     Accordingly, under applicable circuit precedent, this Court has jurisdiction under 28 U.S.C. § 1334 because this action is "related to" Unit Drilling's bankruptcy.[8]

---

[7]See Notice of Removal, Docket Entry No. 1, p. 3 ¶ 6 n. 1 (stating that "Unit Drilling Company's case was jointly administered with other related bankruptcies and the final plan as to Unit Drilling Company was entered in Cause No. 20-32740.").

[8]Id. at 2-4 ¶¶ 3-9.  See also Plaintiff's Motion to Remand, Docket Entry No. 8, p. 2 ¶¶ 2-5 ("Background"), and Plaintiff's
(continued...)

On December 15, 2021, Plaintiff filed his Motion to Remand. Asserting that "[u]pon confirmation of the Plan, all assets revested in the Reorganized Debtor leaving no estate assets with the Bankruptcy Court to administer,"[9] Plaintiff contests Unit Drilling's assertion of "related to" bankruptcy jurisdiction by citing <u>Craig's Stores of Texas, Inc. v. Bank of Louisiana (In re Craig's Stores of Texas, Inc.)</u>, 266 F.3d 388, 390 (5th Cir. 2001), in which the Fifth Circuit ruled that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan."[10]   Alternatively, Plaintiff seeks remand on the basis of (1) mandatory abstention under 28 U.S.C. § 1334(c)(2), (2) permissive abstention under 28 U.S.C. § 1334(c)(1); or (3) equitable remand under 28 U.S.C. § 1452(b).[11]

On January 4, 2022, Unit Drilling responded by reasserting that it "removed this case because it is 'related to' the bankruptcy,"[12] and arguing that "Plaintiff is seeking to bring a

---

[8](...continued)
Reply to Defendant Unit Drilling Company's Response to Plaintiff's Motion to Remand [ECF No. 12] ("Plaintiff's Reply"), Docket Entry No. 13, pp. 2-4 ¶¶ 2-15 ("Background").

[9]Plaintiff's Motion to Remand, Docket Entry No. 8, p. 1 ¶ 1.

[10]<u>Id.</u> at 2 ¶ 6 n. 1.

[11]<u>Id.</u> at 2-3 ¶ 6.

[12]Defendant Unit Drilling Company's Response to Plaintiff's
(continued...)

claim that should have been brought as part of the bankruptcy, and the federal courts should determine whether Plaintiff's claim is barred.[13]

On January 11, 2022, Plaintiff filed a reply arguing that he

was a known creditor as of [the] Petition Date, and [Unit Drilling] does make any contention to the contrary. Likewise, Plaintiff did not receive actual notice — a fact [Unit Drilling] admits in its response.  Therefore, Plaintiff's claim was not treated pursuant to the bankruptcy.  The bankruptcy estate does not exist, and the bankruptcy case has been closed.[14]

## II. <u>Standard of Review</u>

Motions for remand are governed by 28 U.S.C. § 1447(c), which states in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  On a motion to remand challenging subject matter jurisdiction, the defendant attempting to establish removal bears the burden of establishing jurisdiction. <u>See Wilson v. Republic Iron & Steel Co.</u>, 42 S. Ct. 35, 37 (1921). <u>See also Manguno v. Prudential Property and Casualty Insurance Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002) ("The removing party bears the burden of showing that federal jurisdiction exists and that removal

---

[12](...continued)
Motion to Remand (ECF No. 8) ("Unit Drilling's Response"), Docket Entry No. 12, p. 1.

[13]<u>Id.</u> at 8.

[14]Plaintiff's Reply, Docket Entry No. 13, p. 2 ¶ 1.

was proper."). Because removal jurisdiction raises significant federalism concerns, "[t]he removal statute is . . . strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." <u>Gasch v. Hartford Accident & Indemnity Co.</u>, 491 F.3d 278, 281-82 (5th Cir. 2007).

### III. <u>Analysis</u>

Asserting that "[t]his case must be remanded to the 270th Judicial District Court of Harris County, Texas[,] where it was originally filed,"[15] Plaintiff argues that

> [t]he reorganized debtor, Defendant Unit Drilling Company, one of the four defendants, removed the case based solely on "related to" bankruptcy jurisdiction, even though the Debtor's Plan became effective over a year ago. Upon confirmation of the Plan, all assets revested in the Reorganized Debtor leaving no estate assets with the Bankruptcy Court to administer.[16]

Asserting that "Plaintiff does not dispute that the Court has subject matter jurisdiction under 28 U.S.C. § 1334 because this matter is 'related to' a bankruptcy,"[17] Unit Drilling argues that a federal court should decide if Plaintiff's claims are barred by Unit Drilling's prior bankruptcy.[18]

---

[15]Plaintiff's Motion to Remand, Docket Entry No. 8, p. 1.

[16]<u>Id.</u> at 1 ¶ 1.

[17]Unit Drilling's Response, Docket Entry No. 12, p. 3.

[18]<u>Id.</u> at 8.

Asserting that Unit Drilling "did not file its Notice of Removal in Bankruptcy Court,"[19] Plaintiff replies that he "never conceded that this Court has 'related to' jurisdiction."[20]

## A.    Applicable Law

A state court action may be removed to federal court only if the action could have been brought in federal court originally. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."). Removal of claims related to a bankruptcy case are governed by 28 U.S.C. § 1452(a), which states that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where the civil action is pending, if such district court has jurisdiction of such claim or cause of action under [§] 1334." The United States Code provides federal courts with "original and exclusive jurisdiction of all cases under Title 11," 28 U.S.C. § 1334(a), and with "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Observing that "[t]hese references operate conjunctively to define the scope of jurisdiction," Wood v. Wood

---

[19]Plaintiff's Reply, Docket Entry No. 13, p. 3 ¶ 10.

[20]Id. at 4 ¶ 17.

-8-

(In re Wood), 825 F.2d 90, 93 (5th cir. 1987), the Fifth Circuit has stated that to determine if bankruptcy jurisdiction exists, courts need only "determine whether a matter is at least 'related to' the bankruptcy."   Id.  See also Bass v. Denney (In re Bass), 171 F.3d 1016, 1022 (5th Cir. 1999) (same).

Before confirmation of a bankruptcy plan, a proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  In re Bass, 171 F.3d at 1022 & n. 13 (quoting In re Wood, 825 F.2d at 93).   "To fall within the court's jurisdiction, the plaintiff's claim must affect the estate, not just the debtor."  In re Wood, 825 F.2d at 94.  The Fifth Circuit has since stated more specifically that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankruptcy estate."  In re Bass, 171 F.3d at 1022 (quoting Walker v. Cadle Co. (In re Walker), 51 F.3d 562, 569 (5th Cir. 1995)).  The Fifth Circuit has emphasized that "t]his test is obviously conjunctive: For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate."  In re Bass, 171 F.3d at 1022.

-9-

After confirmation of the bankruptcy plan, the Fifth Circuit applies a more exacting theory of jurisdiction, which "attaches critical significance to the debtor's emergence from bankruptcy protection."  In re Craig's Stores, 266 F.3d at 390.  In Craig's Stores a Reorganized Debtor filed a breach of contract action in bankruptcy court a year and a half after its plan had been confirmed, against a bank with which it had been doing business since before the bankruptcy.  Reasoning that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan," id., the Fifth Circuit affirmed the district court's vacation and dismissal of the bankruptcy court's judgment for lack of jurisdiction.  Id. at 389.  The Fifth Circuit later described three factors as critical to its decision that bankruptcy jurisdiction did not exist in the Craig's Store case:

> [F]irst, the claims at issue "principally dealt with post-confirmation relations between the parties;" second, "[t]here was no antagonism or claim pending between the parties as of the date of the reorganization;" and third, "no facts or law deriving from the reorganization or the plan [were] necessary to the claim."

Newby v. Enron Corp. (In re Enron Corporation Securities, Derivative, & ERISA Litigation), 535 F.3d 325, 335 (5th Cir. 2008) (quoting In re Craig's Stores, 266 F.3d at 390).

To determine whether a lawsuit involving an asserted federal right has been properly removed, courts generally follow the well-

-10-

pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Rivet v. Regions Bank of Louisiana</u>, 118 S. Ct. 921, 925 (1998) (quoting <u>Caterpillar Inc. v. Williams</u>, 107 S. Ct. 2425, 2429 (1987)).   The well-pleaded complaint rule requires removing defendants to show that an asserted federal right is "an element and an essential one, of the plaintiff's cause of action." <u>Id.</u> (quoting <u>Gully v. First National Bank in Meridian</u>, 57 S. Ct. 96, 97 (1936)).   Although <u>Rivet</u> and most other cases involving the well-pleaded complaint rule involve federal question jurisdiction under 28 U.S.C. § 1331, the well-pleaded complaint rule has also been applied to cases involving bankruptcy jurisdiction.   <u>See Glasstex, Inc. v. Arch Aluminum & Glass Co. (In re Polvado)</u>, Bankruptcy No. 06-70151, Adversary No. 06-7014, 2006 WL 2993333, at *2 (Bankr. S.D. Tex. October 17, 2006) ("[A] federal court's authority to hear a complaint depends on the well-pleaded complaint rule. . . [A] claim for federal jurisdiction may not arise from a defendant's counterclaims or affirmative defenses").   <u>See also Malesovas v. Sanders</u>, Civil Action No. H-04-3122, 2005 WL 1155073, at *2-*3 (S.D. Tex. May 16, 2005) (applying well-pleaded complaint rule to case removed to district court under 28 U.S.C. §§ 1334 and 1452); <u>State of Arkansas Teacher Retirement System v. Merrill Lynch & Co., Inc. (In re LJM2 Co-Investment, L.P.)</u>, 319 B.R. 495, 500-01, 503-04 (Bankr. N. D.

Tex. 2005)(citng <u>Foxmeyer Health Corp. v. McKesson Corp. (In re</u> <u>Foxmeyer Corp.)</u>, 230 B.R. 791, 794-95 (Bankr. N.D. Tex. 1998) (same)). The court finds these cases persuasive. <u>But see In re</u> <u>ABC Dentistry, P.A.</u>, Adversary No. 18-3205, 2021 WL 955932, at *3 (Bankr. S.D. Tex. March 12, 2021) (asserting that "[i]nstead of applying the well-pleaded complaint rule, the Court must look both to the . . . complaint and to its relation to the . . . bankruptcy to determine whether the Court has subject matter jurisdiction," and holding that the well-pleaded complaint rule does not apply to assertions of "arising in and related to" bankruptcy jurisdiction); <u>In re Enron Corp. Securities, Derivative & "ERISA" Litigation</u>, 511 F.Supp.2d 742, 764 (S.D. Tex. 2005)("The well-pleaded complaint rule is not applicable in 'related to' bankruptcy removal cases.") (citing <u>American National Red Cross v. S.G. and A.E.</u>, 112 S. Ct. 2465, 2472 (1992) ("The well-pleaded complaint rule applies only to statutory 'arising under' cases.")).

## B.    Application of the Law to the Parties' Arguments

Unit Drilling bases its argument that "related to" bankruptcy jurisdiction exists over the Plaintiff's state court action on <u>Schmidt v. Nordlicht</u>, No. H-16-3614, 2017 WL 526017 (S.D. Tex. February 9, 2017), an unpublished opinion in which the district court relied, in part, on the Fifth Circuit's opinion in <u>In re</u> <u>Craig's Stores</u> to find that "related to" bankruptcy jurisdiction

existed in an action that had been removed from state to district
court.[21]  The Schmidt case arose from the Chapter 11 bankruptcy of
Black Elk, an oil and gas company.  The plaintiff, Schmidt, was the
trustee for a litigation trust created by a confirmed bankruptcy
plan of liquidation to pursue Black Elk's potential claims.  Id. at
*1.  Schmidt filed suit in state court asserting claims based on
state law against individuals affiliated with Black Elk.  The
defendants removed the action to federal district court asserting
"related-to" bankruptcy jurisdiction.  Id. at *2.  Relying on the
ruling in In re Craig's Stores, 266 F.3d at 390, that "[a]fter a
debtor's reorganization plan has been confirmed, the debtor's
estate, and thus bankruptcy jurisdiction, ceases to exist, other
than for matters pertaining to the implementation or execution of
the plan," Schmidt moved to remand.  Id.  Asserting that courts in
the Fifth Circuit use the three factors that the Fifth Circuit has
said were critical to its ruling in Craig's Stores for determining
if "related to" bankruptcy jurisdiction exists, Schmidt argued that
"related to" jurisdiction did not exist.  Id. at *3.

Before addressing Schmidt's argument based on the Fifth
Circuit's ruling in Craig's Stores, the district court looked to
the standard for determining "related to" jurisdiction stated by
the Fifth Circuit in In re Bass, 171 F.3d at 1022.  The district
court held that the claims that Schmidt had asserted in state court

---

[21]See Notice of Removal, Docket Entry No. 1, pp. 2-3 ¶¶ 4-9.

were "plainly 'related to' the bankruptcy" pursuant to that standard because Schmidt, acting on behalf of "the bankruptcy litigation trust [was] asserting claims that, if meritorious, [would] result in more money going into the bankruptcy estate for distribution to creditors." Schmidt, 2017 WL 526017, at *2.  The court then turned to Schmidt's Craig's Stores argument.

Asserting that "it is not clear whether the Craig's rule applies when the debtor's confirmed plan is a plan of liquidation rather than a plan of reorganization," id. at *3, the court observed that

> Craig's turned on the idea that a reorganized debtor's confirmed plan marked the end of the bankruptcy and the emergence of a new reorganized business entity not dependent on the bankruptcy court's protection.  That rule makes a good deal of sense in the reorganization context, but in a liquidation case like this one there is no entity that emerges from the bankruptcy to continue operations.  Everything that the litigation and liquidation trusts established by the Black Elk plan do is intimately associated with the bankruptcy; their reason for existing is nothing more or less than maximizing the pot of money for distribution to creditors.  Craig's . . . [was a] case[] in which the confirmed Chapter 11 plan was a reorganization plan, not a liquidation pan.

Id.  Recognizing that the three factors critical to the Fifth Circuit's holding in Craig's Stores were not set out as a balancing test, but instead, as a narrow basis justifying that court's departure from the ordinary jurisdictional standard, the court nevertheless examined those three factors, and concluded that they did not support Schmidt's contention that the court lacked "related

-14-

to" jurisdiction, but instead, supported a conclusion that "related
to" jurisdiction existed.  Id. at *3.

Unit Drilling argues that as in Schmidt application of the
three Craig's Stores factors to the facts of this case support the
exercise of "related to" bankruptcy jurisdiction because the
Plaintiff's injuries occurred before Unit Drilling's bankruptcy,
antagonism between the parties existed before the bankruptcy, and
the third factor — whether any facts or law deriving from the
bankruptcy are necessary to the claim — does not meaningfully weigh
for or against the exercise of "related to" jurisdiction.[22]

The court concludes that Unit Drilling's reliance on Schmidt
is misplaced for at least three reasons.  First, unlike the
defendants in Schmidt, Unit Drilling has not shown that the
anticipated outcome of the Plaintiff's state court action could
conceivably (1) alter the rights, obligations, and choices of
action of the debtor, and (2) have an effect on the administration
of the estate.  See In re Bass, 171 F.3d at 1022.  In other words,
unlike the defendants in Schmidt, Unit Drilling has failed to
satisfy the standard for establishing "related to" bankruptcy
jurisdiction stated in In re Bass and other cases.  See, e.g., In
re Walker, 51 F.3d at 569.

Second, unlike the plan at issue in Schmidt, which was a plan
of liquidation in the process of being executed, the plan at issue

---

[22]Id. at 3 ¶¶ 6-8.

here is a reorganization plan that Unit Drilling states was confirmed on August 6, 2020, with an effective date of September 3, 2020.[23]  Unit Drilling fails to show that its plan had not been fully executed when Plaintiff filed suit in state court, or that Plaintiff's claims could conceivably have any impact on the plan.

Third, although Unit Drilling acknowledges that the three factors critical to the Fifth Circuit's holding in Craig's Stores and examined in Schmidt "were not set out as a test by the Fifth Circuit but, rather, were merely 'distinguishing factors' to consider,"[24] Unit Drilling treats these three factors as a test for determining the existence of "related to" bankruptcy jurisdiction. The Fifth Circuit has described these three factors as critical to its decision that jurisdiction did not exist in the Craig's Store case, see In re Enron Securities Litigation, 535 F.3d at 335, but Unit Drilling has not cited and the court has not found any Fifth Circuit authority holding that the converse is sufficient to establish "related to" bankruptcy jurisdiction in the post-confirmation context.

In Craig's Stores the Fifth Circuit held that "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of

_____

[23]Id. ¶ 6.

[24]Id. ¶ 5.

-16-

the plan." 266 F.3d at 390.  Unit Drilling fails to show that the claims asserted in the removed action pertain to the implementation or execution of its plan of reorganization.  Instead, asserting that "Plaintiff is seeking to bring a claim that should have been brought as part of the bankruptcy,"[25] Unit Drilling argues that "the federal courts should determine whether Plaintiff's claim is barred."[26]  Unit Drilling's argument raises the Plan and its confirmation as a defense to Plaintiff's claims.  See Tex. R. Civ. P. 94 (identifying discharge in bankruptcy is an affirmative defense).  Unit Drilling has not cited any case holding that a Reorganized Debtor is entitled to remove a Plaintiff's state law claims on the basis of the affirmative defense of discharge.  Moreover, Unit Drilling's removal appears to be barred by the Supreme Court's holding in Rivet, 118 S. Ct. at 921.

In Rivet the removing party asserted an affirmative defense of preclusion based on prior bankruptcy court orders.  The Fifth Circuit affirmed the district court's denial of a motion to remand.  See Rivet v. Regions Bank of Louisiana, F.S.B., 108 F.3d 576 (5th Cir. 1997).  Relying on the well-pleaded complaint rule, the Supreme Court reversed, holding that

> claim preclusion by reason of a prior federal judgment is
> a defensive plea that provides no basis for removal under
> § 1441(b).  Such a defense is properly made in the state

---

[25]Unit Drilling's Response, Docket Entry No. 12, p. 8.

[26]Id.

-17-

court proceedings, and the state court's disposition of
it is subject to this Court's ultimate review.

Rivet, 118 S. Ct. at 926.  The Court recognized that exceptions
exist to the well-pleaded complaint rule, for example, when a claim
has been preempted by federal law, the claim is considered a
federal claim arising under federal law.  Id. at 925.  But because
under 28 U.S.C. § 1334(b), federal courts have "original but not
exclusive jurisdiction" of claims "related to" a bankruptcy case,
preemption does not apply to Unit Drilling's assertion of "related
to" bankruptcy jurisdiction.

        Although removal in Rivet was based on federal question
jurisdiction under 28 U.S.C. § 1331 and not bankruptcy jurisdiction
under 28 U.S.C. §§ 1334 and 1452, Rivet's application of the well-
pleaded complaint rule has been held to apply to removal based on
bankruptcy jurisdiction.  See In re LJM2 Co-Investment, 319 B.R. at
500-01 and 503-04 (citing Rivet and holding that because
plaintiff's petition did not contain a basis for federal
jurisdiction, an affirmative defense of collateral estoppel of a
bankruptcy court order could not be used to establish a federal
question for removal).  See also Malesovas, 2005 WL 1155073, at *3
(applying Rivet to a case removed to district court under 28 U.S.C.
§§ 1334 and 1452).  Moreover, even if, as some courts have held,
Rivet does not apply to cases in which bankruptcy removal is based
on "related to" jurisdiction, see In re ABC Dentistry, P.A., 2021
WL 955932, at *3, Rivet applies to the facts of this case because,

-18-

for the reasons explained above, the court has already concluded that Unit Drilling has failed to carry its burden of establishing that "related to" bankruptcy jurisdiction exists in this case.

A bankruptcy court maintains "jurisdiction to interpret and enforce its own prior orders." Travelers Indemnity Co. v. Bailey, 129 S. Ct. 2195, 2205 (2009). Requests to enforce a bankruptcy court's prior orders falls within that court's "arising under" jurisdiction, which provides an independent basis of jurisdiction under § 1334. See Insurance Company of North American v. NGC Settlement Trust & Asbestos Claims Management Corp. (In re National Gypsum Co.), 118 F.3d 1056, 1064 (5th Cir. 1997) ("hold[ing] that a declaratory judgment action seeking merely a declaration that collection of an asserted preconfirmation liability is barred by a bankruptcy court's confirmation of a debtor's reorganization plan (and the attendant injunctions under [§§] 524 and 1141 of the Bankruptcy Code) is a core proceeding arising under title 11"). The Bankruptcy Code provides Unit Drilling means to enforce its discharge against Plaintiff's claims without invoking "related to" jurisdiction in this court. For example, once a bankruptcy case is closed, a debtor may enforce a discharge order by asserting it as an affirmative defense in a pending state court case, see Tex. R. Civ. P. 94 (stating that discharge in bankruptcy is an affirmative defense), by moving to reopen the bankruptcy case to bring an adversary complaint to enforce the discharge injunction, or by

-19-

filing a declaratory judgment action in the bankruptcy court.  See In re National Gypsum Co., 118 F.3d at 1064.

Plaintiff's Original Petition asserts state law claims for negligence.  Plaintiff does not seek property from the Unit Drilling bankruptcy estate, and does not seek to recover property for that estate, which has ceased to exist.  Plaintiff does not seek to modify or revoke the Unit Drilling Plan, does not seek to enforce rights created by the Unit Drilling Plan, and does not ask the court to interpret or enforce either the Unit Drilling Plan or the Confirmation Order.  That Unit Drilling may have defenses based on interpretation of the Unit Drilling Plan and/or the Confirmation Order does not convert Plaintiff's purely state law claims into claims within the court's bankruptcy jurisdiction.  See Malesovas, 2005 WL 1155073, at *3 n. 6 (recognizing that "state courts are qualified to interpret the language of bankruptcy plans and orders and routinely engage in such interpretation").

## IV.  Conclusions and Order of Remand

For the reasons stated in § III, above, the court concludes that there is no federal jurisdiction over Plaintiff's claims, and that this action should be remanded to the 270th Judicial District Court for Harris County, Texas, for lack of subject matter jurisdiction. Accordingly, Plaintiff's Motion to Remand, Docket Entry No. 8, is **GRANTED**.

-20-

This action is **REMANDED** to the 270th Judicial District Court of Harris County, Texas.

The Clerk of the Court will provide a copy of this Memorandum Opinion and Order of Remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this the 27th day of January, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE